IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MATTHEW L. FRESHOUR                                           PLAINTIFF

v.                CIVIL NO. 3:16-CV-3086

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Matthew L. Freshour, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 5, 2011, alleging an inability to work since April 1, 2010, due to back pain, back injury, and depression. (Tr. 172, 178). For DIB purposes, Plaintiff maintained insured status through September 30,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

2014. (Tr. 178, 203, 213). An administrative video hearing was held on May 8, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 37-78).

By written decision dated August 31, 2012, the ALJ found that Plaintiff had severe impairments of low back pain – lumbar spine and depression. (Tr. 24). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24-25). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) with the following limitation: lift/carry 25 pounds occasionally and 50 pounds frequently; stand/walk about 6 hours in an 8 hour workday; sit about 6 hours in an 8 hour work day; able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote with few variables and little judgment; supervision required is simple, direct, and concrete.

(Tr. 25). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was able to perform his past relevant work as a prep cook. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 9, 2013. (Tr. 19-21).[2] Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

---

[2] The record revealed that the Appeals Council failed to date and send Plaintiff's counsel notice of the August 9, 2013 denial of review. (Tr. 1-5). Accordingly, on June 20, 2016, the Appeals Council granted Plaintiff's request for more time to file a civil action. (Tr. 1-2).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff makes the following arguments on appeal: 1) that the ALJ erred in his RFC determination; and 2) that the ALJ erred in his evaluation of the opinions of Drs. Tilley, Bunting and Subramanium.

#### A. Subjective Complaints and Symptom Analysis:

Plaintiff alleges that the ALJ failed to properly perform a credibility analysis under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and instead has simply engaged in a recitation of the medical records and Plaintiff's subjective complaints. (Doc. 12, p. 2). Under Polaski, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5)

4

functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). While the ALJ may not have expressly cited Polaski (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the Polaski factors. See Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (citing Randolph v. Barnhart, 386 F.835, 842 (8th Cir. 2004)). After reviewing the record, the Court concludes the ALJ adequately, if not expressly, applied the Polaski factors and discounted Plaintiff's subjective complaints of pain. Id.

Specifically, Plaintiff testified in a hearing before the ALJ on May 5, 2012, that he had constant back pain that was aggravated by activity. Plaintiff testified that he enjoyed working; that he wanted his health to improve; and that he wanted to go to vocational school for training for a better job. (Tr. 51, 53). A Function Report was completed on May 20, 2011, by Wendy Freshour, Plaintiff's mother. In that report, Ms. Freshour reported that Plaintiff had no problems with personal care, except that he used a cane for assistance when dressing, bathing, or using the restroom. (Tr. 196). She also reported that Plaintiff prepared simple meals, did laundry, and did some mopping and vacuuming, sometimes with her assistance. (Tr. 197). Ms. Freshour reported that Plaintiff could drive a car, ride in a car, go out alone, shop in stores for food, pay bills, count change, handle a savings account, and use a checkbook or money

5

order.  (Tr. 198).  Lastly, Ms. Freshour reported that Plaintiff attended bible study once a week, although he needed someone to accompany him.  (Tr. 199).

With regard to Plaintiff's low back pain, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication and other conservative measures.  See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain).  See also Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010) (if an impairment can be controlled by treatment or medication it cannot be considered disabling).

With regard to Plaintiff's mental impairment, Plaintiff was also treated conservatively with medication for his depression. Moreover, the record failed to demonstrate that Plaintiff sought any on-going and consistent treatment from a mental health professional during the relevant time periods.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

The Court notes that the Plaintiff's medical providers also repeatedly recommended that Plaintiff stop smoking and despite those recommendations, Plaintiff continued to smoke throughout the relevant time period.  (Tr. 287, 289, 293, 302-303, 360, 383, 406, 413, 415-417, 438, 442, 445, 513, 523, 539)  See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits).

With regard to the testimony of Plaintiff's mother, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See

Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

While it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1), 416.946(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

7

evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, when determining that Plaintiff could perform medium work with limitations, the ALJ considered the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In his argument, Plaintiff points to the ALJ's evaluation of Dr. Ronald Tilley, a treating physician. The ALJ noted that Dr. Tilley saw Plaintiff for pain management on four occasions between February 9, 2012 and June 6, 2012. (Tr. 27). The ALJ noted Dr. Tilley's findings from March 8, 2012, that Plaintiff had good results with Methadone without side effects; that he felt "100 times better;" and that he performed activities of daily living with minimal pain. (Tr. 27, 441-443). Dr. Tilley's April 4, 2012, notes also reflect that Plaintiff had good success with methadone; that Plaintiff's pain was stable and controlled with medication; and that he was able to perform activities of daily living with minimal pain. (Tr. 445). Lastly, the ALJ acknowledged Dr. Tilley's Lumbar Spine Medical Assessment Questionnaire from June of

2012, where he opined that Plaintiff was able to sit/stand/walk less than two hours in an eight hour day; rarely lift less than ten pounds; never lift ten pounds of more; never twist, crouch/squat, climb ladders; occasionally stoop/bend; and frequently climb stairs. (Tr. 27, 624-627). Also in that assessment, Dr. Tilley opined that Plaintiff would require a job that allowed shifting of positions at will, unscheduled breaks during an eight hour day, and more than four absences from work per month. (Tr. 27-28, 627). Ultimately, the ALJ determined that Dr. Tilley's June 27, 2012, opinion conflicted with his own treatment notes. Furthermore, in light of the fact that Plaintiff's laboratory diagnostic and clinical findings did not support Dr. Tilley's assessment and that Dr. Tilley had only treated Plaintiff for five months, the ALJ gave Dr. Tilley's opinion no weight. (Tr. 30).

"Because [Dr. Tilley's] determination contradicted other objective evidence in the record, the ALJ's decision to give less weight to [Dr. Tilley's] determination was reasonable." Renstrom, 680 F.3d at 1066 (citing Partee v. Astrue, 638 F.3d 860, 864 (8th Cir. 2011). See also Martise v. Astrue, 641 F.3d 909, 925 (8th Cir. 2011) ("[W]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight.") (internal quotation marks and citation omitted).

The ALJ also discussed the findings of Dr. Anandaraj Subramanium, a consultative examiner, and gave his opinion little weight as it was in conflict with his own findings and not supported by the medical record. (Tr. 27, 30). The ALJ discussed the Mental Status and Evaluation of Adaptive Functioning performed by state agency consultant, Dr. Nancy Bunting, Ph.D. The ALJ gave her assessment great weight and noted her finding that Plaintiff was not a reliable informant. (Tr. 30). The ALJ also gave great weight to state agency consultant Dr. Bill Payne, who opined that Plaintiff could perform medium work in light of the essentially

normal findings of Plaintiff's physical examinations. (Tr. 30). See Brown v. Astrue, 611 F.3d 941, 951-52 (8th Cir. 2010) (The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.).

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination of medium work with limitations.

### C. Past Relevant Work

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (expressly approving the two part test from S.S.R. 82-61).

Here, the ALJ specifically found that Plaintiff could return to his past relevant work as a prep cook. (Tr. 30). In doing so, the ALJ relied upon the testimony of the Vocational Expert, who after reviewing the ALJ's proposed hypothetical question, which included the limitations addressed in the RFC determination discussed above, opined that the hypothetical individual

would be able to perform Plaintiff's past relevant work.  See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted).  Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work as a prep cook, as he actually performed it and as that job is generally performed.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 7th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE